**UNITED STATES of America, Appellee,**

v.

**Edward Eugene BROWN, Appellant.**

**No. 93-3188.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 4, 1994.

Decided March 3, 1994.

Wallace L. Taylor, Cedar Rapids, IA, for appellant.

Patrick J. Reinert, Asst. U.S. Atty., Cedar Rapids, IA, for appellee.

Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.

PER CURIAM.

Edward Eugene Brown appeals his 84-month sentence imposed by the district court[1] after he pleaded guilty to drug charges. We affirm.

Pursuant to a plea agreement, Brown pleaded guilty to conspiring to distribute cocaine base within 1000 feet of a public playground in Fort Dodge, Iowa, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. Brown agreed in his plea agreement that information he provided to authorities could—and would—be used by the court and probation office to determine the length of his sentence. At his plea hearing, Brown testified that he acted as a "middleman," helping people to buy cocaine base by taking them to suppliers, setting up transactions, and receiving in exchange small quantities of cocaine base for his personal use.

According to the presentence report (PSR), confidential informant James Lawbaugh bought some cocaine base from Brown himself and also bought cocaine base in Brown's presence. Brown's debriefing revealed that he was involved with additional cocaine base from other transactions. Brown described the transactions by stating the price of the cocaine base in each instance, and the probation officer converted those amounts to grams assuming that a $20 rock of cocaine base weighed approximately .1 gram. The PSR thus assessed a total of 9.76 grams of cocaine base. The PSR set the base offense level at 26 under U.S.S.G. § 2D1.1(c)(9) (5–20 grams of cocaine base), added two levels because of the proximity to the public playground, and subtracted three levels for acceptance of responsibility, for a total offense level of 25.

---

1. The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

At sentencing, Brown argued that the cocaine base he acquired for personal use should not be counted against him for Guideline purposes, because he pleaded guilty to conspiracy to distribute. The government argued that Brown had furthered the conspiracy even when he purchased drugs for himself as a user. The court concluded that cocaine base Brown bought for his personal use should be counted as part of the drug quantity for which he was held responsible. After a concession by the government, the court determined that $1505 represented the total price of all the cocaine transactions Brown had described during his debriefing. Brown did not dispute that that was the total dollar amount, but he argued the amounts he had reported were simply estimates. He also argued that, because one gram of cocaine base cost $295 rather than the government's estimated $200, the drug quantities calculated from his dollar estimates were too high.

The court determined that 5.86 grams of cocaine base should be attributed to Brown. The court explained that 5.86 grams was a conservative amount, because the probation officer had used the lowest figures in the ranges Brown had described during his debriefing, and the court had used Brown's $295 average price per gram. In addition, the court granted Brown a two-level minor-participant reduction, given the size of the Fort Dodge conspiracy. The court determined a total offense level of 23, a criminal history category of V, and a sentencing range of 84 to 105 months. The court sentenced Brown to 84 months imprisonment, six years supervised release, and $100 in restitution.

On appeal, Brown argues the district court should not have used his statements as to estimated quantities of cocaine base to determine relevant conduct. He also argues the court should not have counted the quantities of cocaine base he purchased for his personal use.

■ We review for clear error a district court's determination of the quantity of drugs relevant to the offense. *See United States v. Cassidy,* 6 F.3d 554, 557 (8th Cir. 1993). Where there is no drug seizure or the amount that is seized does not reflect the scale of the offense, the district court must approximate the quantity of controlled substance. U.S.S.G. § 2D1.1, comment. (n. 12). In this approximation, the court can rely upon an estimate of drug quantity that has sufficient accuracy. *See United States v. Wayne,* 903 F.2d 1188, 1197 (8th Cir.1990). Brown specifically acknowledged in his plea agreement that information he gave to the government would be used to determine the length of his sentence. Brown did not show below, and he has not shown here, that his information was unreliable. We conclude the district court's reliance on Brown's own estimates was not clearly erroneous.

■ Having carefully reviewed the record, we conclude that, under the facts of this case, the district court did not err by including in its drug-quantity finding the cocaine base Brown purchased for his personal use. *See United States v. Innamorati,* 996 F.2d 456, 492 (1st Cir.), *cert. denied,* — U.S. —, —, 114 S.Ct. 409, 459, 126 L.Ed.2d 356, 391 (1993).

Accordingly, the judgment is affirmed.

McMILLIAN, Circuit Judge, dissents.