**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4076

CHARLES E. GIBSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
William B. Traxler, Jr., District Judge.
(CR-97-744)

Argued: October 30, 1998

Decided: December 17, 1998

Before LUTTIG, Circuit Judge, BUTZNER, Senior Circuit Judge,
and THORNBURG, United States District Judge for the Western
District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Frank Langston Eppes, EPPES & PLUMBLEE, P.A.,
Greenville, South Carolina, for Appellant. Harold Watson Gowdy, III,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Charles E. Gibson challenges his sentence for possession with intent to distribute cocaine. We affirm.

I.

On June 14, 1997, appellant Charles E. Gibson was found in possession of about 3.05 grams of crack cocaine. He subsequently pled guilty to possession with intent to distribute cocaine. At sentencing, Gibson testified that he possessed at least half of the cocaine for personal use. The district court held that the amount of drugs possessed for personal use, in addition to the amount of drugs possessed with intent to distribute, could be taken into account as relevant conduct in determining Gibson's sentence for possession with intent to distribute. See U.S.S.G. § 1B1.3(a)(2). The district court further found that Gibson's testimony was not credible and concluded that Gibson possessed all of the cocaine with intent to distribute. Gibson appeals.

II.

On appeal, Gibson makes two arguments. First, Gibson contends that the district court incorrectly held that the amount of drugs possessed for personal use could be taken into account as relevant conduct in determining his sentence for possession with intent to distribute. Second, Gibson contends that the district court erred by finding that he intended to distribute all of the cocaine of which he was found in possession.

This circuit has never ruled on the question whether the amount of drugs possessed for personal use can be taken into account as relevant conduct in determining a defendant's sentence for possession with intent to distribute. The two other circuits that have considered the

2

issue have held that it cannot. See United States v. Wyss, 147 F.3d 631, 632-33 (7th Cir. 1998); United States v. Kipp, 10 F.3d 1463, 1465-66 (9th Cir. 1993).*

We need not resolve this issue today because, even if the amount of drugs possessed for personal use could not be taken into account as relevant conduct in determining Gibson's sentence for possession with intent to distribute, the district court's finding that Gibson possessed all of the drugs with intent to distribute, and none for personal use, was not clearly erroneous. The district court based its finding on the overall amount of cocaine found on appellant, the manner in which it was packaged, and the fact that appellant's income was insufficient to support the sizable addiction that appellant claimed to have. Because all of this evidence called into question appellant's testimony that he possessed some of the cocaine for personal use, the district court did not err by refusing to credit the testimony. Having found that appellant intended to distribute all of the cocaine, the district court properly took all of the cocaine into account in determining appellant's base offense level, and we therefore affirm appellant's sentence.

The judgment of the district court is affirmed.

AFFIRMED

_____

*A number of other circuits have held that the amount of drugs possessed for personal use may be taken into account for purposes of sentencing a defendant on conspiracy, as opposed to possession, charges. See United States v. Antonietti, 86 F.3d 206, 209-10 (11th Cir. 1996); United States v. Fregoso, 60 F.3d 1314, 1328-29 (8th Cir. 1995); United States v. Snook, 60 F.3d 394, 395-96 (7th Cir. 1995); United States v. Wood, 57 F.3d 913, 920 (10th Cir. 1995); Precin v. United States, 23 F.3d 1215, 1219 (7th Cir. 1994); United States v. Brown, 19 F.3d 1246, 1248 (8th Cir. 1994); United States v. Innamorati, 996 F.2d 456, 492 (1st Cir. 1993).

3