# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2429SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Southern District |
| | * | of Iowa. |
| Janice Kay Fraser, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 12, 2000

Filed: March 16, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and HANSEN, Circuit
Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Janice Fraser appeals her sentence for attempting to possess methamphetamine
with intent to distribute in violation of 21 U.S.C. § 846. Ms. Fraser asserts that the
District Court erroneously calculated her base offense level by failing to exclude drug
quantities she intended for her personal use. We agree, reverse, and remand.

## I.

Ms. Fraser was arrested during a law-enforcement sting operation in which she attempted to purchase one pound (453.6 grams) of methamphetamine. (The substance was actually flour.) She pleaded guilty, and at the sentencing hearing, Ms. Fraser testified that she intended to consume the majority of the drugs; the rest she intended to distribute to family and friends.[1] Ms. Fraser also testified that she was addicted to methamphetamine and used between 1/4 to 1 3/4 grams per day. The government produced evidence that Ms. Fraser had sold methamphetamine in the past.

In deciding that 453.6 grams of methamphetamine was chargeable to Ms. Fraser under U.S.S.G. § 2D1.1, the Court did not determine how much, if any, of the methamphetamine was intended for personal use. The Court stated, "The issue of personal use need not be determined . . . because, in any event, it would make no difference." Sentencing Tr. at 64. The Court sentenced Ms. Fraser to 60 months (five years) imprisonment and five years of supervised release.[2]

---

[1] In her objections to the Presentence Report, Ms. Fraser claimed she intended to distribute only 50 to 200 grams of the methamphetamine. Defendant's Objections to the PSR at 2. If this testimony is believed, she would be chargeable with less than 350 grams, instead of at least 350 grams but less than 500 grams.

[2] The District Court's finding that 453.6 grams of methamphetamine was attributable to Ms. Fraser gave her a base level of 30 (at least 350 grams but less than 500 grams) under U.S.S.G. § 2D1.1. Ms. Fraser received a three level adjustment for acceptance of responsibility, which made her total offense level 27. She had a Criminal History Category of II pursuant to U.S.S.G. § 4A1.1, which carried a sentencing range of 78-97 months imprisonment. The government filed a motion for a downward departure of 20 per cent. for substantial assistance. Ms. Fraser received 60 months (approximately 23 per cent. below the minimum).

On appeal, Ms. Fraser contends that in failing to exclude the portion of her attempted drug purchase that she intended for personal use, the Court erred in calculating her base offense level under the Sentencing Guidelines. With a lower base offense level, she argues, the Court's downward departure might have gone farther than it did.[3]

## II.

In calculating the base offense level, the trial court may consider all drugs that were "a part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). We review a district court's interpretations of the Sentencing Guidelines de novo. United States v. Larson, 110 F.3d 620, 627 (8th Cir. 1997).

Whether drug purchases intended for personal use are relevant conduct where the defendant is convicted of possession with intent to distribute a controlled substance, or of an attempt to possess with the intent to distribute, is an issue of first impression in this Circuit. In conspiracy-to-distribute cases we have held that drug quantities purchased for personal use by a member of the conspiracy are relevant in determining the total drug quantity attributable to the defendant under U.S.S.G. § 2D1.1. United States v. Behler, 100 F.3d 632, 637 (8th Cir. 1996), cert. denied, 522 U.S. 855 (1997); United States v. Fregoso, 60 F.3d 1314, 1328 (8th Cir. 1995); United States v. Brown, 19 F.3d 1246, 1248 (8th Cir.) (per curiam), cert. denied, 513 U.S. 829 (1994); *accord*,

---

[3]If Ms. Fraser's assertions that she did not intend to distribute the entire 453.6 grams of methamphetamine are believed, and she can persuade the District Court that she intended to consume at least 103.7 grams, her base offense level would be 26 (at least 200 grams but less than 350 grams). After the acceptance-of-responsibility adjustment, her total offense level would be 23, resulting in a sentencing range of 51-63 months. From this range, the Court would exercise its discretion in departing from the statutory minimum.

United States v. Page, 232 F.3d 536, 542 (6th Cir. 2000) (same), petition for cert. filed, (Jan. 3, 2001) (No. 00-7751); United States v. Snook, 60 F.3d 394, 396 (7th Cir. 1995) (same); United States v. Wood, 57 F.3d 913, 920 (10th Cir. 1995) (holding personal-use quantities relevant conduct in a conviction for manufacturing a controlled substance); United States v. Innamorati, 996 F.2d 456 (1st Cir. 1993) (holding personal-use quantities relevant conduct in conspiracy-to-distribute case), cert. denied, 510 U.S. 1120 (1994).

However, those circuits having considered the precise issue now before us are split. In United States v. Wyss, 147 F.3d 631 (7th Cir. 1998), the Seventh Circuit held that in sentencing a defendant for possession with the intent to distribute, the trial court must exclude drug quantities intended for personal use. The Court stated,

> To count as relevant conduct under the federal sentencing guidelines, a drug offense (and the purchase of cocaine for personal consumption is a drug offense, 21 U.S.C. § 844) must be a part of the same course of conduct, or common scheme or plan, as the offense of the conviction. U.S.S.G. § 1B1.3(a)(2). It can be that only if it is part of the same group of offenses for sentencing purposes. Id. Possession of illegal drugs for personal use can not be grouped with other offenses. U.S.S.G. § 3D1.2(d); see U.S.S.G.§ 2D2.1.

Id. at 631. The Ninth Circuit agreed in United States v. Kipp, 10 F.3d 1463, 1465-66 (9th Cir. 1993), holding that "drugs possessed for mere personal use are not relevant to the crime of possession with intent to distribute." However, in United States v. Antonietti, 86 F.3d 206, 210 (11th Cir. 1996), the Eleventh Circuit declined to follow the Ninth Circuit and held that personal-use quantities were relevant for sentencing purposes in a case involving a conviction for possession with intent to distribute.[4]

---

[4]Antonietti also involved a conviction for conspiracy to distribute. This may have been the real rationale for its decision. If so, the Eleventh Circuit might agree

We find Wyss and Kipp persuasive. For sentencing purposes, we note an important distinction between a conviction for conspiracy to distribute and a conviction for possession with intent, or an attempt to possess with the intent to distribute. In determining the base offense level in a conspiracy-to-distribute conviction, all reasonably foreseeable drug quantities, see U.S.S.G. § 1B1.3(a)(1)(B), that are "part of the same course of conduct or common scheme or plan as the offense of conviction," are relevant conduct. U.S.S.G. § 1B1.3(a)(2). The course of conduct, or common scheme or plan, is distribution. When a defendant, who is a member of a conspiracy to distribute, purchases drugs for her personal use from a co-conspirator, the personal-use quantities " 'are relevant in determining the quantity of drugs the defendant knew were distributed by the conspiracy.' " Fregoso, 60 F.3d at 1328 (quoting Innamorati, 996 F.2d at 492). What the buyer intends to do with the drugs, in this situation, is irrelevant.

An important distinction arises where the defendant is convicted solely of possession with the intent to distribute, or of an attempt to commit this crime. The conduct, or common scheme or plan, is, again, distribution; but those drugs acquired for personal consumption are possessed without the intent to distribute, and they were not acquired from another person who was a party to a conspiracy to distribute. Keeping drugs for oneself is not within "the common scheme or plan" of selling, giving, or passing them to another; therefore, personal-use quantities are not relevant conduct. Moreover, it would be troublesome if the base offense level for a defendant convicted of possession with intent, a specific-intent crime, included drugs she had no intention of distributing.

We hold that in calculating the base offense level under U.S.S.G. § 2D1.1 for a conviction of possession with the intent to distribute, or of an attempt to commit this

with the Seventh and Ninth if confronted with a case in which conspiracy to distribute was not charged.

crime, drug quantities intended for personal use must be excluded.  It is uncertain what the District Court meant by its statement, "The issue of personal use need not be determined . . . because, in any event, it would make no difference."  Sentencing Tr. at 64.  Nonetheless, it is clear that no factual finding as to personal-use quantity appears on the record; therefore, we reverse and remand for the Court to make a finding as to what quantity of the methamphetamine, if any, Ms. Fraser intended for her personal use.  After making that finding, the Court should resentence the defendant.  The Court remains free to determine the degree of its downward departure.

The judgment is reversed, and the case remanded for further proceedings in accordance with this opinion.

HANSEN, Circuit Judge, dissenting.

I respectfully dissent.

I disagree with the court's conclusion, and that of the Seventh and Ninth Circuits, that a district court must exclude, in all cases, drug quantities purchased for personal use when sentencing a defendant convicted of possession with intent to distribute a controlled substance.  Adopting the Seventh Circuit's reasoning in Wyss, the court has concluded that the language of the Guidelines, USSG § 1B1.3(a)(2) to be precise, compels exclusion of personal-usage quantities.  Specifically, the Wyss court reasoned that because the offense of possession of illegal drugs for personal use cannot be grouped with the offense of possession with intent to distribute for purposes of computing a Guideline sentence, simple possession cannot constitute "part of the same course of conduct or common scheme or plan as the offense of conviction."  147 F.3d at 632; see also ante at 4.  Thus, this court holds that personal-use quantities are not relevant for sentencing purposes.  Ante at 5-6.  I find the court's holding contrary to the Guidelines' language.  I would affirm the district court.

I find the grouping rules inapplicable as a way to analyze this issue. Section 1B1.3(a)(2), by its express language, applies only when the conduct sought to be counted against the defendant comprises an offense that under the Guidelines must be grouped with other counts for which the defendant is being sentenced.[5] See also USSG § 1B1.3, comment. (n.3) (Subparagraph (a)(2) "applies to offenses for which grouping of counts would be required under § 3D1.2(d) had the defendant been convicted of multiple counts."). Had Ms. Fraser been convicted of mere possession of illegal drugs for those quantities she claims to have been buying for personal use, that conviction, as the court notes, would not be subject to grouping. See USSG § 3D1.2(d) (Unlawful possession, governed by USSG § 2D2.1, is specifically excluded as a groupable offense); see also United States v. Ramirez, 196 F.3d 895, 897 (8th Cir. 1999) (recognizing that § 1B1.3(a)(2)'s "same course of conduct or common scheme or plan" requirement is relevant when offenses are subject to grouping under § 3D1.2(d)). Therefore, contrary to the court's reasoning, the conduct of possessing personal-use drugs does not fall within the purview of § 1B1.3(a)(2) in determining whether it is relevant conduct for sentencing purposes because it is not conduct subject to § 3D1.2(d)'s special grouping rule. Instead, and logically I believe, her purported purchase of methamphetamine for her own use, purchased at the same time as the methamphetamine she intended to sell, is tested under the more general relevant conduct provision contained in § 1B1.3(a)(1)(A). Under § 1B1.3(a)(1)(A), relevant conduct includes "all acts . . . that occurred during the commission of the offense of conviction." (Emphasis added). This is not a case involving similar acts committed at discrete times during a course of conduct. Her act of attempting to purchase drugs for personal use (assuming that is partially what she was doing) occurred at the very same time as her act of attempting to purchase methamphetamine with intent to distribute.

---

[5]Section 1B1.3(a)(2) provides, in full, that: "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, [relevant conduct includes] all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction."

The two are inextricably intertwined. It is one indivisible act, and hence the total quantity is recognizable for sentencing purposes.

There is no question under § 1B1.3(a)(1)(A) that Ms. Fraser's attempted possession of alleged personal-use methamphetamine, and its quantity, is relevant conduct for sentencing purposes--her attempted possession of it was coextensive and coterminous with her attempted possession of the methamphetamine she fully intended to sell. There was no time interval between when she attempted to purchase drugs for herself and when she attempted to purchase drugs for others. She placed no separate orders with the purported supplier. The attempted drug purchase was one transaction involving a single, fungible quantity and a single type of drug. Her later determination of exactly what portion of the methamphetamine she allegedly had intended to keep for her personal use (conveniently scaled to reduce her sentencing exposure) smacks more of a post-crime, pre-sentencing ploy than deliberate pre-crime planning. To require district courts to parse out personal-use quantities whenever such an allegation is made (and I am sure it will often now be made) will needlessly burden them with yet another finely tuned quantity decision to make under the Sentencing Guidelines system. Under the facts presented here, I agree with the district court, and the Eleventh Circuit, see United States v. Antonietti, 86 F.3d 206, 210 (11th Cir. 1996), that whether Ms. Fraser purchased some of the drug for her personal use "make[s] no difference" in computing her sentence under the Guidelines.[6]

That is not to say that personal use quantities will always be bound up into relevant conduct for sentencing purposes. Section 1B1.3(a)(1)(A) requires some nexus

_____

[6]I also disagree with the court's speculation as to the "real rationale" for the Eleventh Circuit's decision. See ante n.4. The Eleventh Circuit's opinion clearly holds that the question it was addressing was "whether the drug quantity used to determine the base offense level for manufacturing or possession with intent to distribute includes drugs manufactured or possessed for personal consumption." 86 F.3d at 209. Conspiracy is not mentioned in its framing of the question.

between the sentencing conduct and the offense of conviction, and it is possible to imagine scenarios where there would be no such connection--that is, where a personal use quantity possessed by the defendant would be entirely unrelated to the commission of the possession with intent to distribute, but that is not the case here.

However, even if Ms. Fraser's contention is correct, I would still affirm the district court. The district court's factual determinations as to drug quantities are reviewed for clear error. United States v. Moore, 212 F.3d 441, 445 (8th Cir. 2000). The district court found Ms. Fraser responsible for 453.6 grams of methamphetamine, and it declined to consider what portion of the methamphetamine may have been for her personal use because "it would make no difference." The base offense level for at least 350 grams but less than 500 grams of methamphetamine is 30, which is the base offense level used in Ms. Fraser's case before she received a three-level downward adjustment for acceptance of responsibility and a substantial assistance departure down to the mandatory 60 month minimum sentence. USSG § 2D1.1 (1998). Apparently, the district court did not believe that, in any event, Ms. Fraser, an admitted addict, had planned in advance of the purchase to set aside as inviolate more than 103.6 grams of the methamphetamine for her personal use. Ms. Fraser testified that she used between 1/4 and 1 3/4 grams per day. Assuming Ms. Fraser did consume 1/4 gram of methamphetamine per day and further assuming that she did plan to set aside 104 grams for her personal use, Ms. Fraser would have a 416 day supply of methamphetamine squirreled away for her personal use and allegedly totally immune from any temptation or intent to sell it. Using the higher amount of methamphetamine use per day, 1 3/4 grams, Ms. Fraser would still have had a two month supply salted away for her personal use. Either contention stretches credulity to its breaking point. What addict buys over a year's worth of drugs at a time (or even a two month supply) and sets it aside never ever intending to sell any of it? The district court's assessment of the credibility of Ms. Fraser's testimony regarding her drug use at sentencing is "quintessentially a judgment call and virtually unassailable on appeal." United States v. Causor-Serrato, 234 F.3d 384, 390 (8th Cir. 2000). I would not say that the district

court's implicit factual finding that Ms. Fraser intended to distribute at least 350 grams of the methamphetamine was clearly erroneous. Her intent to distribute may be inferred solely from her possession of a large quantity of narcotics. See United States v. Ojeda, 23 F.3d 1473, 1476 (8th Cir. 1994). Possession of over 100 grams is itself indicative of an intent to distribute. See United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990) (recognizing that defendant's possession of approximately 50 grams of methamphetamine is consistent with an intent to distribute).

An alternative reading of the district court's enigmatic "it would make no difference" reasoning is that in no event was the district court going to find the amount intended to be distributed by Ms. Fraser to be less than the 50 grams of methamphetamine mixture which triggers the 5 year (60 month) mandatory minimum sentence contained in 21 U.S.C. § 841(b)(1)(B)(viii), and that the district court did not intend to depart below the statutory minimum with respect to her sentence. The latter contention is supported by the fact that the court's judgment reflects that it did in fact grant a motion to depart from the Guideline range (but not the statutory minimum) for substantial assistance. (R. at 24.) Contrary to our court's assertion in footnote 3 that had the appellant's position on quantity been adopted her range prior to any departure would have been 51-63 months, her range instead would have been 60-63 months because the statutory minimum for her admitted attempt to possess with intent to distribute conduct would be 5 years. See USSG § 5G1.1(c)(2) & comment. (providing where the bottom of the Guideline range is below the statutory minimum, the statutory minimum becomes the bottom of the range.). Ms. Fraser has not challenged the district court's denial of her motion to depart from the statutory minimum, and even if she had, the matter would be unreviewable because nothing in the record suggests that the court believed that it lacked authority to depart or that it acted with an unconstitutional motive. See United States v. Johnson, 169 F.3d 569, 573 (8th Cir. 1999). I would affirm for this reason as well.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.