# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3301

_____

United States of America,              *
                                       *

         Appellee,         *   Appeal from the United States
                                   *   District Court for the District
   v.                    *   of Nebraska.
                                   *

Saul Rodriguez, also known as Chino,  *     [UNPUBLISHED]
                                   *

         Appellant.       *

_____

Submitted:  March 12, 2002

Filed:  March 19, 2002

_____

Before BYE, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Saul Rodriguez pleaded guilty to conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a), 846 (1994, Supp. IV 1998). Before sentencing, Rodriguez raised two objections to the presentence investigation report (PSR), claiming that seven kilograms of cocaine were incorrectly attributed to him as relevant conduct under Sentencing Guidelines § 1B1.3, and that he should have received a reduction for having a minor role in the conspiracy. U.S. Sentencing

Guidelines Manual (2001). The district court[*] denied both objections and sentenced Rodriguez to 121 months imprisonment. Rodriguez now appeals his sentence. We review the district court's findings of fact about drug quantity and role in the offense for clear error. United States v. Luna, 265 F.3d 649, 652 (8th Cir. 2001) (standard of review for drug quantity); see also United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001) (standard of review for role in the offense). Finding no error, we affirm.

We reject Rodriguez's argument that drug quantity was incorrectly calculated. In calculating drug quantity, all reasonably foreseeable drug quantities that are part of the same course of conduct or common scheme or plan are considered relevant conduct. United States v. Fraser, 243 F.3d 473, 475 (8th Cir. 2001). Although Rodriguez was not caught holding the seven kilograms of cocaine attributed to him, records of intercepted phone calls show that Rodriguez scheduled a meeting with the conspiracy members holding the cocaine. As a result of this intercepted phone call, police arrested the other conspiracy members and seized the disputed cocaine. Additional phone records show Rodriguez's involvement with conspiracy members before and after this seizure. We find no error in the district court's conclusion that conspiracy involvement with the disputed cocaine was reasonably foreseeable to Rodriguez and the cocaine trafficking was part of the same course of conduct as the methamphetamine trafficking for which Rodriguez readily admits responsibility. Id.

Additionally, we reject Rodriguez's argument that he was a minor participant in the conspiracy. "The mere fact that a defendant is less culpable than [a] co-defendant does not entitle [the] defendant to 'minor participant' status." Lopez-Arce, 267 F.3d at 784. We consider not only Rodriguez's conduct relative to his coconspirators, but also his individual acts and relative culpability in relation to the

---

[*]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

elements of the offense.  Id.  As we have already recounted, the record shows that Rodriguez was deeply involved in the conspiracy. United States v. Alverez, 235 F.3d 1086, 1090 (8th Cir. 2000), cert. denied, 121 S. Ct. 1983 (2001).  The district court's factual findings based on its diligent and careful review of the record are not clearly erroneous.  Id.

Although not prejudicial, we note the discrepancy between the offense charged in the indictment, 21 U.S.C. §§ 841(a), 846, and the offense listed in the judgment of conviction, 21 U.S.C. § 841(a).  According to Federal Rule of Criminal Procedure 36, clerical mistakes in judgments may be corrected at any time as the court orders.  We leave any correction to the discretion of the district court.

Accordingly, we affirm Rodriguez's sentence.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.