# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 01-3830

————————

United States of America,

      Appellee,

v.

Donald Lee Whaley,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Missouri
\*
\*    [UNPUBLISHED]
\*

————————

Submitted:  August 26, 2002

Filed:  September 3, 2002

————————

Before McMILLIAN, BOWMAN, and FAGG, Circuit Judges.

————————

PER CURIAM.

    Donald Lee Whaley appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict finding him guilty of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Whaley to consecutive prison terms of 151 and 60 months and concurrent

———————————————

    [1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

5-year terms of supervised release. For reversal Whaley, relying on <u>United States v. Fraser</u>, 243 F.3d 473 (8th Cir. 2001), argues the district court erred in setting his base offense level because it did not exclude drug quantities he possessed for personal use. For the reasons discussed below, we affirm the judgment of the district court.

We held in <u>Fraser</u> "that in calculating the base offense level under U.S.S.G. § 2D1.1 for a conviction of possession with the intent to distribute, or of an attempt to commit this crime, drug quantities intended for personal use must be excluded." <u>See</u> <u>id.</u> at 475-76. In <u>Fraser</u>, however, the defendant--charged with attempting to possess methamphetamine with intent to distribute--objected at sentencing to the presentence report's drug-quantity determination, claiming that she intended to distribute less than half of the methamphetamine she was attempting to purchase when she was arrested, and providing sentencing testimony to that effect. <u>See id.</u> at 473-74. Whaley did not raise such an objection below. Thus, as he recognizes, his personal-use argument is subject only to plain-error review. <u>See</u> <u>United States v. Cotton</u>, 122 S. Ct. 1781, 1785 (2002) (standard of review).

Whaley's reliance on <u>Fraser</u> is misplaced. Unlike the district court in <u>Fraser</u>, which concluded that no need existed to determine how much methamphetamine was intended for personal use because it made no difference, <u>see</u> <u>United States v. Fraser</u>, 243 F.3d at 474, the district court here made no such sweeping statement. Rather, the court made at least an implicit finding, based on the trial testimony, that none of the methamphetamine at issue was for Whaley's personal use by attributing all of the methamphetamine to him as relevant conduct. <u>Cf.</u> <u>id.</u> at 476 (remanding for finding as to what quantity of methamphetamine defendant intended for personal use, if any, where appeals court was unsure what district court had meant by its statement that personal-use issue did not need to be determined, and where it was clear that no factual finding as to personal-use quantity appeared on record).

Also, unlike the defendant in <u>Fraser</u>, who provided sentencing testimony specifically supporting her personal-use argument, Whaley provided no sentencing testimony to support the argument he now makes that some of the methamphetamine was for distribution and some (he does not say, even now, exactly how much) was for his personal use. In these circumstances, we cannot say that any plain error occured.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.