# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1655

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Jason M. Weiland, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: December 11, 2001
Filed: March 25, 2002

_____

Before McMILLIAN and MURPHY, Circuit Judges, and BATTEY,[1] District Judge.

_____

MURPHY, Circuit Judge.

Jason M. Weiland pled guilty to being a user of controlled substances in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and to conspiracy to distribute methamphetamine, cocaine, LSD, psilocin mushrooms, and marijuana, in violation of 21 U.S.C. § 846. The district court[2] sentenced him to 80

_____

[1] The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2] The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit since February 27, 2002.

months imprisonment on each count, to be served concurrently. The government appeals, arguing that Weiland's 1998 conviction for marijuana possession should have been counted in his criminal history score rather than as relevant conduct to the conspiracy. We affirm.

The conspiracy to which Weiland pled was alleged to have taken place "between about 1996 and 1999." In 1998 and 2000 Weiland was convicted of two state drug offenses for conduct that occurred during the time frame of the conspiracy. In 1998 he was convicted of marijuana possession resulting from a June 1997 search of his apartment. The affidavit in support of the warrant for that search stated that a confidential informant had seen the following in Weiland's apartment: four pounds of cocaine powder, five ounces of methamphetamine, LSD, steroids, a digital scale, razor blades, and baggies. The affidavit also reported the informant's statement that he had been involved for three years in the distribution of LSD, methamphetamine, cocaine, and marijuana and that Weiland was the source of his drugs. In their search of Weiland's apartment, officers found small amounts of marijuana and methamphetamine, lines of cocaine on a mirror, a hand held scale, several new plastic vials, $1809 in cash, and firearms. Weiland was arrested and charged with possession of cocaine, methamphetamine, and marijuana. Two of the three charges were dismissed, and Weiland was convicted in 1998 on the marijuana charge. In the fall of 1999, the same officer who had prepared the 1997 search warrant submitted another application to search Weiland's residence. In the new affidavit the officer repeated statements of the confidential informant from the 1997 affidavit and listed the contraband seized in the earlier search. When the new warrant was executed at Weiland's residence in October 1999, officers found methamphetamine, items used to manufacture methamphetamine, and seven guns. Weiland was thereafter convicted in 2000 of possession and manufacture of methamphetamine in violation of Iowa law.

Subsequently, federal charges were brought in the Northern District of Iowa. Weiland was indicted for violating federal firearms laws based on the guns seized by Iowa authorities in 1999, and he was later charged by information with conspiracy to

distribute methamphetamine, cocaine, LSD, psilocin mushrooms, and marijuana in violation of 21 U.S.C. § 846. As part of a plea agreement, Weiland stipulated that he had knowingly and intentionally distributed those five drugs in the Dubuque area "between about 1996 and 1999." Weiland pled guilty to both the federal indictment and the information, and he was sentenced under the United States Sentencing Guidelines (USSG).

The presentence investigation report had calculated Weiland's total offense level at 27 with a criminal history category of I. The probation officer did not assign any criminal history points for Weiland's 1998 or 2000 Iowa convictions because the defendant's conduct in each case was "directly related to the instant offense."[3] Weiland did receive one criminal history point for a July 14, 2000 Wisconsin conviction for possession with intent to deliver amphetamine where the conduct was alleged to have occurred at a time after the charged conspiracy. Weiland's resulting guidelines range was computed by the court to be 70 to 87 months. At sentencing, the district court found that Weiland's 1998 conviction was relevant conduct because it was within the time frame of the charged conspiracy, the probable cause evidence used to support the 1997 search was later used as part of the evidence for the conspiracy, and the possession charge involved one of the drugs alleged to be distributed by the conspiracy. The district court sentenced Weiland to concurrent 80 month terms.

On its appeal the government argues that the district court erred by not counting the 1998 Iowa marijuana conviction as part of Weiland's criminal history. It complains that treating this offense as relevant conduct gave Weiland three fewer criminal history points than he deserved. It believes he should have received one additional point for that offense and two for engaging in the conspiracy while on

---

[3]The government did not object to the probation officer's treatment of Weiland's 2000 conviction as relevant conduct, and no issue was raised about it at sentencing.

probation for the 1998 conviction. United States Sentencing Commission, Guidelines Manual, §4A1.1(d) (Nov. 2000). This would have given him a total of four criminal history points, placing him in criminal history category III with a guidelines range of 87 to 108 months. See USSG §4A1.1(c)-(d).

Weiland argues that the 1998 conviction was relevant conduct because it was related to his conviction for conspiracy. He observes that there is both geographical and temporal proximity between his 1998 conviction and the conspiracy. Both occurred in Dubuque, Iowa, and the 1998 conviction was within the time frame of the conspiracy. Weiland also points out that both prosecutions were by the Dubuque Drug Task Force and both search warrant applications for his residence were prepared by the same officer. The conspiracy charge also includes drugs – methamphetamine, cocaine, marijuana and LSD – connected with the 1997 search and the affidavit in support of that search.

To resolve this appeal, we must start with the guideline provisions on criminal history and relevant conduct. Key to the analysis is determining what conduct fell within Weiland's "instant offense." The guidelines direct courts to count any previous sentence in calculating a defendant's criminal history, as long as the sentence was not for conduct that is "part of the instant offense." USSG §4A1.2(a)(1). Relevant conduct is defined as "[c]onduct that is part of the instant offense," USSG §4A1.2, comment. (n.1), and includes "all acts… that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." USSG §1B1.3(a)(1). Relevant conduct is not to be counted in calculating a defendant's criminal history. USSG §4A1.2, comment. (n.1).

Conduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a "severable, distinct offense" from the latter. United States v. Davidson, 195 F.3d 402, 409 (8th Cir. 1999), cert. denied, 528 U.S. 1180 (2000) (quoting United States v. Blumberg, 961 F.2d 787, 792 (8th Cir. 1992)).

Several factors are used to judge whether a prior conviction represents a "severable, distinct offense," including whether there was temporal and geographical proximity, a common scheme or plan, or common victims. Davidson, 195 F.3d at 409.

The determination that Weiland's 1998 conviction was relevant conduct involved a fact intensive inquiry, and we recognize the district court's sentencing expertise and greater familiarity with the factual record. Buford v. United States, 532 U.S. 59, 65-66 (2001); Koon v. United States, 518 U.S. 81, 97-100 (1996). When application of the guidelines involves mixed questions of fact and law, an abuse of discretion standard of review is used. Koon, 518 U.S. at 100. A district court abuses its discretion when it makes an error of law or a clearly erroneous assessment of the evidence. Id.; Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).

The government contends that personal use drugs are not relevant conduct for conspiracy to distribute cases. It cites in support United States v. Fraser, 243 F.3d 473, 474-76 (8th Cir. 2001), a case in which we held that drugs that had been acquired for personal consumption were not relevant conduct because they were not within "the common scheme or plan" of selling, giving, or passing drugs to another. The government asks that the reasoning in Fraser, a possession with intent to distribute case, be extended to conspiracy to distribute cases. It argues that convictions involving personal use drugs should not be considered relevant conduct in a conspiracy case.

We note that Fraser itself distinguished conspiracy cases from those dealing with possession with intent to distribute, finding "an important distinction" in respect to sentencing. Id. at 475. In conspiracy cases, "all reasonably foreseeable drug quantities" are to be used to determine the base offense level, that is those quantities

> that are "part of the same course of conduct or common scheme or plan as the offense of conviction," are relevant conduct. USSG §1B1.3(a)(2).... When a defendant, who is a member of a conspiracy to

distribute, purchases drugs for her personal use from a co-conspirator, the personal-use quantities "'are relevant in determining the quantity of drugs the defendant knew were distributed by the conspiracy….'" What the buyer intends to do with the drugs, in this situation, is irrelevant.

Id. (quoting United States v. Innamorati, 996 F.2d 456, 492 (1st Cir. 1993)). Following the lead of Fraser, we conclude that drugs that are "part of the same course of conduct or common scheme or plan" of the conspiracy are to be counted as relevant conduct for purposes of determining the base offense level. USSG §1B1.3(a)(2). They are likewise to be considered "part of the instant offense" when computing criminal history under the guidelines. USSG §4A1.2, comment. (n.1)).

The record here shows that the 1998 conviction was part of a common plan or scheme to distribute several types of drugs in the Dubuque area during the time period of the conspiracy. The underlying conduct for both the 1998 conviction for possession and the 2001 conviction for conspiracy occurred in the Dubuque area, and both crimes were investigated by the same law enforcement officer. The conspiracy charge also involved the same types of drugs as found in Weiland's residence in the 1997 search – methamphetamine, marijuana, and cocaine – and the criminal intent in both was similar. Contrary to the argument that the 1997 search of Weiland's apartment only involved personal use drugs, the search uncovered other indicia of drug dealing – a hand held scale, plastic vials, a large amount of cash, and firearms. This evidence was consistent with the statements of the confidential informant – statements used in support of the application for the search warrant – that Weiland had been involved in the distribution of methamphetamine, cocaine, marijuana and LSD in the Dubuque area for several years. The government admitted at the sentencing hearing that some of the evidence used to support probable cause for the 1997 search warrant was also used as evidence for the conspiracy. It also admitted at oral argument in this court that it could have introduced the possession conviction as substantive evidence of the conspiracy if there had been a trial on the charge.

United States v. Kenyon, 7 F.3d 783, 787 (8th Cir. 1993), supports the treatment of the 1997 offense as relevant conduct. In Kenyon, we held that a prior conviction for possession of cocaine was relevant conduct for a conspiracy to possess with intent to deliver cocaine. The conduct underlying the state possession conviction "comprise[d] part of the conduct alleged in the count to which [the defendant] pled guilty…." Id. Because the earlier offense was "part of the same criminal scheme" and was "committed within the same time period" it was relevant conduct. Id. Similarly, we conclude that Weiland's 1998 conviction was for conduct that was part of the same criminal scheme as the conspiracy and was therefore properly calculated as relevant conduct.

The government cites a number of cases that are factually different from this one. United States v. Thomas, 894 F.2d 996, 997 (8th Cir. 1990), did not involve a relevant conduct analysis, but rather an analysis of whether the defendant was properly classified as a career offender.[4] Our subsequent holding in Kenyon makes it clear that all facts and circumstances of an offense must be examined when the issue is relevant conduct. See also United States v. Loveless, 139 F.3d 587, 594-95 (8th Cir. 1998) (severable and distinct offense where no evidence that drugs in prior California conviction were intended to be distributed in Nebraska); United States v. Torres-Diaz, 60 F.3d 445, 448-49 (8th Cir. 1995) (conviction for maintaining a party house counted as criminal history because intent different from distribution); United States v. Hopson, 18 F.3d 465, 468 (7th Cir. 1994) (evidence showed a prior possession conviction was a severable and distinct offense); United States v. Escobar, 992 F.2d 87, 89-90 (6th Cir. 1993) (severable and distinct offense where there was an insufficient temporal relationship between possession charge and overt acts in the conspiracy).

---

[4]In Thomas the court held that the defendant's 1986 drug offense could serve as one of the two necessary predicate felonies to his conviction for a 1983-1988 conspiracy which had not yet terminated. 894 F.2d at 997.

The evidence here shows that the 1998 drug conviction was not a severable and distinct offense from the charged conspiracy for which Weiland was convicted in 2001. Both offenses had temporal and geographic proximity and involved the same criminal scheme, and the fact that the same types of drugs were involved in both convictions distinguishes this case from United States v. Flores, 149 F.3d 1272, 1281 (10th Cir. 1998). We conclude that the district court did not abuse its discretion by treating Weiland's 1998 conviction as relevant conduct.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.