# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3636

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Matthew M. Stone, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2003

Filed: April 21, 2003

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Matthew M. Stone (Stone) pled guilty on October 20, 2000, to conspiracy to manufacture and distribute methamphetamine in an amount of 100 grams or more in violation of 21 U.S.C. §§ 841 and 846 (1994 & Supp. IV 1998). The presentence report assigned Stone four criminal history points under U.S. Sentencing Guidelines § 4A1.1 (1998), resulting in a criminal history category of III. Finding category III overstated the seriousness of Stone's past criminal conduct, the district court departed downward under U.S.S.G. § 4A1.3 to criminal history category I. The district court also determined Stone was eligible for relief from the statutory mandatory minimum sentence under the "safety valve" exception in U.S.S.G. § 5C1.2, and sentenced him

to 87 months imprisonment. We reversed and remanded for resentencing, holding Stone was ineligible for relief under the safety valve exception because he had more than one criminal history point. United States v. Stone, No. 01-3516, 2002 WL 1358791, at *1 (8th Cir. June 24, 2002) (unpublished) (citing U.S.S.G. § 5C1.2(a)(1)).

On remand, the district court resentenced Stone to 121 months imprisonment based on criminal history category II and the statutory mandatory minimum sentence of ten years imprisonment. See 21 U.S.C. § 841(b)(1). Stone appeals, arguing the district court erred by assessing three criminal history points because the underlying conduct was "relevant conduct," rather than criminal history. The government disagrees and also contends Stone waived his right to appeal this issue in his plea agreement and by his failure to raise the issue in the prior sentencing and appeal.

"We review the district court's factual determinations leading to the application of a sentence enhancement for clear error and its legal conclusions de novo." United States v. Cave, 293 F.3d 1077, 1079 (8th Cir. 2002). Whether a conviction was relevant conduct involves a fact intensive inquiry, an inquiry well within "the district court's sentencing expertise and greater familiarity with the factual record." United States v. Weiland, 284 F.3d 878, 882 (8th Cir. 2002).

On June 2, 1997, Stone was convicted in state court of driving while intoxicated on marijuana (DWI), for which he received a suspended sentence and two years probation. In March 2000, an indictment charged Stone with, and he later pled guilty to, a conspiracy to manufacture and distribute methamphetamine between June 1, 1996 and June 1, 1999. During the sentencing hearing, Stone testified that, at the time of his DWI arrest, he was en route to obtain methamphetamine and marijuana from a co-conspirator. The co-conspirator testified he and Stone manufactured methamphetamine, but denied providing Stone with marijuana after the beginning of 1997. The district court determined Stone failed to prove by a preponderance of the

evidence that the DWI was sufficiently related to the instant offense. The district court assessed one criminal history point for the conviction and two additional points because Stone was on probation for that conviction when he committed the instant conspiracy. See U.S.S.G. § 4A1.1 (c)-(d). Based on an offense level of 31 and a criminal history category of II, the district court sentenced Stone to 121 months imprisonment, the lowest sentence in the range of 121-151 months.

In Weiland, we held "drugs that are 'part of the same course of conduct or common scheme or plan' of the conspiracy are to be counted as relevant conduct for purposes of determining the base offense level. They are likewise to be considered 'part of the instant offense' when computing criminal history under the guidelines." Weiland, 284 F.3d at 882 (citing U.S.S.G. §§ 1B1.3(a)(2) and 4A1.2, cmt. n.1). However, "[c]onduct resulting in a prior conviction is not relevant conduct to the instant offense when it is a 'severable, distinct offense.'" United States v. Davidson, 195 F.3d 402, 409 (8th Cir. 1999) (quoting United States v. Copeland, 45 F.3d 254, 256 (8th Cir. 1995)). Factors useful in determining whether the two offenses are severable and distinct are temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense. Copeland, 45 F.3d at 256-57; see Weiland, 284 F.3d at 882. Stone contends the DWI occurred during the drug conspiracy, in the same geographical location, and involved some of the same actors, and the marijuana was used to "take the edge off the meth and for recreational use."

Stone argues his case is governed by Weiland. Weiland was charged with conspiracy to distribute several drugs including marijuana and methamphetamine. Weiland's state court conviction for possession of marijuana was relevant conduct to the conspiracy, that is distributing marijuana, and was "part of a common plan or scheme." Weiland, 284 F.3d at 882-84. In contrast, Stone's offense conduct is related to the manufacture and distribution of methamphetamine only. Neither the distribution nor the possession of marijuana was included in Stone's indictment. See

Copeland, 45 F.3d at 256-57 (finding no clear error where firearm convictions were severable and distinct because different firearms were used, the "prior incident was not charged in the indictment as an act in furtherance of the drug conspiracy," and it was not part of the conduct of conspiring to distribute to which defendant pled guilty). Moreover, the district court was unconvinced the DWI was in any way related to the conspiracy to manufacture and distribute methamphetamine. We are equally unconvinced.

For the reasons stated above, the district court did not clearly err in finding Stone's convictions for conspiracy to manufacture and distribute methamphetamine and for driving while intoxicated with marijuana were severable and distinct. The government's other arguments are, therefore, moot. We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.