# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3922

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Ignacio Rodriguez-Moranchel, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 1, 2003
Filed: July 8, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Ignacio Rodriguez-Moranchel pleaded guilty to unlawfully reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced Rodriguez-Moranchel to 60 months imprisonment and 2 years supervised release. He appeals his sentence, and we affirm.

For reversal, Rodriguez-Moranchel first argues that the district court lacked authority to sentence him under 8 U.S.C. § 1326(b), because the indictment charged

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

only a violation of section 1326(a).  The argument is unavailing, however, because section 1326(b) does not define a crime separate from section 1326(a).  <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27 (1998).

Rodriguez-Moranchel also argues that the district court should not have assessed a criminal history point for his previous possession of forged documents, because he possessed the documents to facilitate his illegal reentry, and thus the conduct was part of the offense of conviction.  We disagree.  <u>See</u> <u>United States v. Stone</u>, 325 F.3d 1030, 1031 (8th Cir. 2003) (standard of review).  Not only did Rodriguez-Moranchel provide no support for his claim that he used the documents to illegally reenter the United States, but it is quite clear that the state offense was severable and distinct from the instant illegal-reentry offense.  <u>See</u> U.S.S.G. § 4A1.2(a)(1) & comment. (n.1); <u>United States v. Davidson</u>, 195 F.3d 402, 409 (8th Cir. 1999) (conduct resulting in prior conviction is not relevant conduct to instant offense when it is severable, distinct offense), <u>cert. denied</u>, 528 U.S. 1180, <u>and cert. denied</u>, 529 U.S. 1093 (2000).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-