UNITED STATES of America,
Plaintiff—Appellee,

v.

Daniel Wayne BAKER, Defendant—
Appellant.

No. 03-10111.

D.C. No. CR-02-00018-1-DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Dec. 1, 2003.

Sue P. Fahami, U.S. Attorney Office, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Cynthia Hahn, Reno, NV, for Defendant–Appellant.

Before FARRIS, TROTT, Circuit Judges, and WEINER,* Senior District Judge.

MEMORANDUM**

The appeal questions Daniel Wayne Baker's sentence.

We review the district court's factual findings in the sentencing context for clear error. *United States v. Frega,* 179 F.3d 793, 811 n. 22 (9th Cir.1999). The pivotal question is whether the court properly treated Baker's state conviction as a prior conviction or whether it should have been considered a "related sentence" since it was committed at the same time and place as the felon-in-possession count.

Baker's argument is based on an incorrect guideline section. § 4A1.2(a)(2) was

not intended to define "prior sentences" for criminal history purposes. *United States v. Garcia,* 909 F.2d 389, 392 (9th Cir.1990). Rather, the "related cases" provision of § 4A1.2(a)(2) deals with the relationship between multiple prior sentences, not the relationship between prior sentences and a current offense. *Id.; United States v. Ticchiarelli,* 171 F.3d 24, 34 (1st Cir.1999).

The government addressed the same incorrect guideline section instead of referring to the appropriate one. The relationship between a prior sentence and a current offense is governed by U.S.S.G. § 4A1.2(a)(1). *United States v. Ladum,* 141 F.3d 1328, 1347 (9th Cir.1998). That section defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt ... for conduct *not part of the instant offense.*" U.S.S.G. § 4A1.2(a)(1) (emphasis added). Application Note 1 to this section states, "conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." "Relevant Conduct" means:

> All acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant
>
> . . .
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3(a)(1)(A).

A state conviction resulting "from a discrete, identifiable illegal act that is not an integral part of the federal offense con-

* Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

duct" is not "relevant conduct" for criminal history purposes. *United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir.1995); *Ladum*, 141 F.3d at 1347. In determining whether there is a sufficient degree of similarity between a prior conviction and a current offense, a court compares the elements of the prior offense with those of the current offense, and examines the actual conduct underlying the two crimes. *Ladum*, 141 F.3d at 1348–49. A court also considers whether there was a temporal and geographical proximity between the crimes, a common scheme or plan, or common victims. *See United States v. Weiland*, 284 F.3d 878, 882 (8th Cir.2002).

The court in *Ladum* used this approach to determine whether the defendant's prior city ordinance violations should count toward his federal sentence for conspiracy to defraud the United States and for filing false income tax returns. 141 F.3d at 1346–48. The defendant operated a second-hand store as a "front-man" for the store's actual owner. He hid the owner's interest in the property and helped him skim profits by falsifying property and sales records, leading to his convictions for violating two city record-keeping ordinances. *Id.* The court held that the ordinance violations were "prior sentences" because there was an insufficient degree of similarity and connection between the prior and current crimes:

> The object of the tax conspiracy was impeding the IRS's determination of Ladum's taxes. The ordinance violations involved [the defendant's] failure to fill in certain information on police property forms and his sale of regulated second-hand property prior to the expiration of a waiting period. These violations were not pled in the indictment, nor were they used to prove the instant offense. Finally, although the ordinance violations took place during the course of the conspiracy and the offenses are somewhat similar in character because they

involve record keeping, the offenses involve different victims-local authorities instead of the IRS-and different societal interests-the regulation of stolen property instead of tax collection.

*Id.* at 1348 (citing *Buchanan*, 59 F.3d at 918).

We have also has demonstrated that if sufficiently distinct, a state crime can count as criminal history even if committed at the same time and the same place as the federal offense. *Garcia*, 909 F.2d at 392. In *Garcia*, the defendant was found in possession of both counterfeit currency and methamphetamine following a traffic stop. He was first prosecuted in state court for possession of methamphetamine, and then prosecuted for the counterfeit currency in federal court. Applying § 4A.1.2(a)(1), the court affirmed the district court's decision to include the state conviction in his criminal history score despite the fact that the crimes occurred simultaneously. *Id.; see also, e.g., United States v. Torres–Diaz*, 60 F.3d 445, 448 (8th Cir.) (state drug convictions counted in criminal history despite their temporal and geographical proximity to federal drug "stash house" conviction), *cert. denied*, 516 U.S. 971, 116 S.Ct. 432, 133 L.Ed.2d 347 (1995).

Our review of the record leaves no doubt that, although Baker possessed the gun and the drugs at the same time and place, there was an "insufficient degree of similarity and connection" with the federal offense to make the state conviction "relevant conduct." *Buchanan*, 59 F.3d at 918. The two crimes share no common elements, and the conduct underlying them was distinct in nature. *Compare*, 18 U.S.C. § 922(g)(1), *with* Nev.Rev.Stat. 453.336 (possession of a controlled substance). Knowing possession of contraband establishes possession of a controlled substance under Nevada law. Nev.Rev.

Stat. 453.336. In contrast, 18 U.S.C. § 922(g)(1) makes gun possession (otherwise lawful conduct) a crime based on the person's status as a convicted felon. Moreover, viewed objectively, the two offenses did not share a common purpose, nor did one crime facilitate the other.

Baker's marijuana possession was a "discrete, identifiable illegal act" that was not an integral part of having a felon in possession of a firearm, despite the temporal and geographical overlap. *Buchanan*, 59 F.3d at 918.

There was no error.

AFFIRMED.