# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2240

———————

United States of America,      *
    *
       Appellee,     *
    *    Appeal from the United States
     v.     *    District Court for the
    *    Western District of Arkansas.
Luis Mora-Quinones, also known as     *
Carlos Zamora, also known as Carlos     *
Gonzalez,     *    [UNPUBLISHED]
    *
       Appellant.     *

———————

Submitted: January 10, 2005
Filed: June 17, 2005

———————

Before SMITH, HEANEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Luis Mora-Quinones pled guilty to conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846. The district court[1] sentenced him to 120 months' imprisonment and a $1,500 fine. Mora-Quinones appeals his sentence, and we affirm.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

On December 8, 2002, near Alma, Arkansas, the Arkansas State Police stopped a motor home driven by Gloria Gomez and seized approximately 100 kilograms of marijuana and 160 pounds of dimethyl sulfone, a cutting agent for methamphetamine, after a search to which she consented. Gomez explained that a man later identified as Mora-Quinones had asked her to drive the motor home, and that he and several others were traveling with her in two separate vehicles at the time of the traffic stop. Gomez provided a description of these people and their vehicles.

The next day, a deputy sheriff stopped two vehicles matching the description given by Gomez near Forrest City, Arkansas, about 300 miles east of Alma. One of the occupants, identified as "Carlos Gonzales," was wanted by the Bureau of Immigration and Customs Enforcement ("ICE"). He was taken into custody, and the sheriff's department later learned from ICE that Carlos Gonzales was actually Luis Mora-Quinones. Mora-Quinones was subsequently indicted by a grand jury in the Eastern District of Arkansas and charged with illegal re-entry after deportation following an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). On August 12, 2003, he pled guilty to the illegal re-entry charge in the Eastern District of Arkansas, and he was sentenced to 70 months' imprisonment in November 2003.

On March 12, 2003, Mora-Quinones was indicted by a grand jury in the Western District of Arkansas and charged with one count of conspiracy to distribute over 100 kilograms of marijuana. In February 2004, after he was sentenced in the Eastern District for the illegal re-entry offense, Mora-Quinones pled guilty to the drug conspiracy charge in the Western District of Arkansas. He was sentenced to 120 months' imprisonment and a $1500 fine. The district court ordered the sentence to run concurrently with his 70-month sentence for illegal re-entry.

The sole issue raised by Mora-Quinones on appeal is whether the district court abused its discretion by counting his conviction for illegal re-entry as a prior conviction for the purpose of computing his criminal history score under the

sentencing guidelines. Mora-Quinones argues that the illegal re-entry should have been considered "relevant conduct" with respect to his drug trafficking offense, *see* USSG § 1B1.3, and thus should not have been factored into his criminal history. The district court overruled Mora-Quinones's objection, adopting the Probation Office's response.[2] The consideration of the additional conviction increased Mora-Quinones's criminal history from Category V to Category VI, and correspondingly increased the applicable guideline sentencing range from 100-125 months to 110-136 months.

When application of the guidelines involves mixed questions of law and fact, we review for abuse of discretion. *United States v. Weiland*, 284 F.3d 878, 882 (8th Cir. 2002). A "district court abuses its discretion when it makes an error of law or a clearly erroneous assessment of the evidence." *Id.* "Whether a conviction was relevant conduct involves a fact intensive inquiry, an inquiry well within 'the district court's sentencing expertise and greater familiarity with the factual record.'" *United States v. Stone*, 325 F.3d 1030, 1031 (8th Cir. 2003) (quoting *Weiland*, 284 F.3d at 882).

"The guidelines direct courts to count any previous sentence in calculating a defendant's criminal history, as long as the sentence was not for conduct that is 'part

---

[2]The Probation Office's response read:

> [Mora-Quinones] was stopped for suspicion of drug trafficking based on the stop of a co-defendant in Western Arkansas. His status as an illegal alien was not used as relevant conduct in the drug offense. Had the defendant been prosecuted in one district on both offenses together, the cases would not be grouped under the sentencing guidelines. The immigration offense would have to be utilized as relevant conduct in determining the offense level for the drug trafficking offense to <u>not</u> be counted as a prior sentence. This is not the case here.

Addendum to the Presentence Report, at 2

of the instant offense.'" *Weiland*, 284 F.3d at 881 (quoting USSG § 4A1.2(a)(1)). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3 (Relevant Conduct)." USSG §4A1.2 cmt. n.1. "Conduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a 'severable, distinct offense' from the latter." *Weiland*, 284 F.3d at 882 (quoting *United States v. Davidson*, 195 F.3d 402, 409 (8th Cir. 1999)). "Factors useful in determining whether the two offenses are severable and distinct are temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense." *Stone*, 325 F.3d at 1032.

The government cites *United States v. Troncoso*, 23 F.3d 612 (1st Cir. 1994), in support of the district court's decision. Troncoso was convicted of illegal re-entry. His immigration violation came to light as a result of his arrest and subsequent conviction for distributing cocaine. When he was sentenced for the immigration offense, the district court counted the drug trafficking conviction in calculating the defendant's criminal history. The court found that the two offenses were severable and distinct, and that the only connection between Troncoso's illegal entry and his drug violation was that his arrest for the latter led to his arrest for the former. The First Circuit held that the district court's factual determination was not clearly erroneous and affirmed the sentence. *Id.* at 617.

We agree with the reasoning of *Troncoso*, and we believe it is applicable here. The district court found that Mora-Quinones's illegal re-entry was not relevant conduct with respect to his drug trafficking offense. Illegal re-entry, when accomplished surreptitiously, is a continuing violation that is not complete until the alien is discovered by immigration authorities. *United States v. Gomez*, 38 F.3d 1031, 1034-35 (8th Cir. 1994). Where one offense occurs in the course of another ongoing offense, "a defendant is not entitled to merge all criminal activities simply because these activities occurred over a single span of time." *United States v. Torres-Diaz*,

60 F.3d 445, 448 (8th Cir. 1995). The geographical and temporal proximity between the drug trafficking offense and the discovery of Mora-Quinones in the United States after his illegal re-entry did not indicate any meaningful connection between the offenses, and none of the other useful factors tends to establish that the unlawful re-entry was part of the drug trafficking crime. We see no abuse of discretion in the district court's finding that the two offenses were severable and distinct, and the judgment of the district court is affirmed.[3]

————————————————————

[3]Mora-Quinones has raised no challenge to his sentence based on *United States v. Booker*, 125 S. Ct. 738 (2005).