# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2710

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern District |
| | * | of Missouri. |
| Edward John Boroughf, | * | |
| also known as Special Ed, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 11, 2011
Filed: August 15, 2011

_____

Before RILEY, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

After being charged in a twelve-count indictment, Edward Boroughf pled guilty to one count of conspiracy to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 5 and 11). Boroughf appeals his sentence, and we affirm.

## I.

Following his arrest and indictment in early 2009, Boroughf entered into a plea agreement, which contained an appeal waiver, and pled guilty to Counts 1, 5, and 11 of the indictment. Count 1 charged Boroughf with knowingly and unlawfully combining and conspiring with others to distribute in excess of 1,000 kilograms of marijuana.[1] Count 1 stemmed from a conspiracy among Boroughf and other members, or associates of members, of the Invaders Motorcycle Club (IMC) to import and distribute marijuana in the area of St. Louis, Missouri; the conspiracy began in 1994 and spanned a fifteen-year period. This conspiracy accounted for the distribution of more than 3,000 kilograms of marijuana. The unobjected-to portions of the presentence investigation report (PSR) show that during the period of the conspiracy, shipments of marijuana from outside Missouri were brought to St. Louis and broken down at various sites controlled by the IMC and prepared for local distribution.

At sentencing, the district court[2] calculated a Sentencing Guidelines range of 262 to 327 months imprisonment for Count 1 based on a total offense level of 34 and a criminal history category of VI. The district court's calculation of Boroughf's criminal history was based, in part, on a 1997 conviction for two counts of possession of a controlled substance in Missouri state court. Boroughf argued against the district court's use of his 1997 conviction in calculating his criminal history category, claiming that the conduct underlying the 1997 conviction was a part of the conspiracy charged in Count 1 and should therefore be considered relevant conduct. The district

---

[1] Although not relevant to this appeal, Count 5 charged Boroughf with unlawful possession of a firearm in 2007 and Count 11 similarly charged Boroughf with unlawful possession of a firearm in 2008.

[2] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

court rejected Boroughf's argument and sentenced Boroughf to concurrent terms of 262 months imprisonment for Count 1 and 120 months imprisonment each for Counts 5 and 11. The court also sentenced Boroughf to concurrent terms of five years of supervised release for Count 1 and three years of supervised release each for Counts 5 and 11. Boroughf appeals, claiming the district court committed numerous sentencing errors.

## II.

Boroughf's attorney first purports to present two issues—that Boroughf's appeal waiver is unenforceable and that Boroughf's sentence is substantively unreasonable because it fails to accomplish the goals set forth in 18 U.S.C. § 3553(a)—pursuant to the procedures set forth in Anders v. California, 386 U.S. 738 (1967). However, we have previously stated, and now reiterate, that the presentation of so-called "Anders issues" within a merits brief is inconsistent with the process established in Anders. See United States v. Meeks, 639 F.3d 522, 528 n.2 (8th Cir. 2011). Electing nevertheless to address Boroughf's argument, we conclude that Boroughf's appeal waiver is enforceable and therefore bars our consideration of his attack on the substantive reasonableness of his sentence.

We will enforce a defendant's appeal waiver against all issues that fall within the scope of the waiver if the defendant entered the plea agreement and appeal waiver "knowingly and voluntarily" and enforcement of the waiver would not cause a "miscarriage of justice." United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010). First, Boroughf's claim that his sentence was substantively unreasonable falls within the scope of his appeal waiver, which prohibits an appeal regarding "all sentencing issues" except the calculation of Boroughf's criminal history category. Second, our review of the transcript from the change-of-plea hearing shows the plea agreement and appeal waiver were entered into knowingly and voluntarily. Finally, applying the appeal waiver to dismiss Boroughf's appeal of the substantive reasonableness of his

sentence would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003) (en banc) (holding that the dismissal of "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion" does not, in the face of a valid appeal waiver, constitute a miscarriage of justice). Accordingly, we apply Boroughf's appeal waiver and dismiss his claim that his sentence is substantively unreasonable.

III.

Boroughf next argues the district court erred when it increased his criminal history category because of his 1997 conviction. Boroughf contends that the conduct upon which the 1997 conviction was based was part of the conspiracy constituting Count 1 and should therefore be viewed as relevant conduct rather than considered in calculating his criminal history category. We review a district court's relevant-conduct determination for clear error, remembering that such a determination is fact-intensive and "well within the district court's sentencing expertise and greater familiarity with the factual record." United States v. Stone, 325 F.3d 1030, 1031 (8th Cir. 2003) (quotation omitted).

Section 4A1.1 of the Sentencing Guidelines requires that a district court add three criminal history points for each of a defendant's prior sentences of imprisonment exceeding 13 months. United States Sentencing Commission, Guidelines Manual, §4A1.1(a). A "prior sentence" is defined as "any sentence previously imposed for conduct not part of the instant offense." United States v. Ault, 598 F.3d 1039, 1041 (8th Cir. 2010) (quoting U.S.S.G. §4A1.2(a)(1)). Any conduct that is part of the instant offense is relevant conduct and "is considered in the calculation of the defendant's offense level, not the criminal history category." Id. Whether conduct resulting in the prior conviction was part of the instant offense depends on factors such as the charge in the indictment, the temporal and geographical proximity of the two acts, whether the two acts involved common

victims or a common scheme, and whether the prior conviction is used to prove the instant offense. See Stone, 325 F.3d at 1032.

The district court did not commit clear error. Boroughf's attempt to connect his 1997 conviction to the instant offense relies on the fact that both involved marijuana and that the 1997 conviction occurred within the time frame of the conspiracy. Additional facts, however, support the district court's conclusion that the 1997 conviction was a separate and distinct offense. For example, the instant offense involved a fifteen-year conspiracy that resulted in the distribution of between 3,000 and 10,000 kilograms of marijuana in and around the St. Louis area. Even at the beginning of the conspiracy, each shipment Boroughf received contained between 10 to 350 pounds of marijuana. These shipments were processed at sites controlled by the IMC and were sent out for distribution. In contrast, Boroughf's 1997 conviction involved the possession of a small bag containing approximately 35 grams of marijuana. Additionally, whereas the instant offense involves only the conspiracy to distribute marijuana, Boroughf's 1997 conviction involved two offenses: the possession of heroin and the possession of marijuana (for which he received two concurrent four-year terms). In light of these facts, the district court's decision to consider Boroughf's 1997 conviction as a separate and distinct offense was not clearly erroneous.

IV.

For the foregoing reasons, we affirm the sentence imposed by the district court.

_____