BYE, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s decision to enforce Jennings’s conviction appeal waiver. With respect to Jennings’s sentencing appeal waiver, however, I believe the government unequivocally exercised its right to appeal, thereby permitting Jennings to cross-appeal his sentence. I therefore respectfully dissent.
“We will enforce a defendant’s appeal waiver against all issues that fall within the scope of the waiver if the defendant entered the plea agreement and appeal waiver ‘knowingly and voluntarily’ and enforcement of the waiver would not cause a ‘miscarriage of justice.’ ” United States v. Boroughf, 649 F.3d 887, 890 (8th Cir.2011) (quoting United States v. Scott, 627 F.3d 702, 704 (8th Cir.2010)). “Plea agreements are contractual, in nature and should be interpreted according to general contract principles.” United States v. Snelson, 555 F.3d 681, 685 (8th Cir.2009) (internal quotation marks and citation omitted). “The government bears the burden of establishing that the plea agreement clearly and unambiguously waives the defendant’s right to appeal, and ambiguities in the agreement are construed against the government.” United States v. Azure, 571 F.3d 769, 772 (8th Cir.2009); see also United States v. Andis, 333 F.3d 886, 890 (8th Cir.2003) (en banc) (“Plea agreements will be strictly construed and any ambiguities in these agreements will be read against the Government and in favor of a defendant’s appellate rights.”).
Employing these principles here, I find determinative the following exception contained in Jennings’s appeal waiver:
[I]f the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government’s appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.
Plea Agreement at 12. Following the district court’s denial of $886,650 in restitution, the government filed a notice of appeal. Nonetheless, the government contends it did not “fully perfect” its appeal because it successfully dismissed the appeal three months later, and thus Jennings did not have the right to cross-appeal his sentence.
The government’s argument is not supported by a plain reading of the appeal waiver, which expressly invokes 18 U.S.C. § 3742(b) as the method by which the government may “exercise[] its right to appeal the sentence.” Id. That statute states, “[t]he Government may file a notice of appeal in the district court for review of an otherwise final sentence[.]” 18 U.S.C. *993 § 3742(b) (emphasis added). Notably, the statute does not require the government to “perfect” its appeal, but only to file a notice of appeal — which undisputably occurred in this case. Accordingly, the government’s dismissal of its appeal three months later does not operate to preclude Jennings from cross-appealing his sentence.[4]
Moreover, I am unpersuaded by the majority’s reliance on the slight discrepancy among the timing of the notices of appeal. As the majority notes, Jennings filed a pro se notice of appeal on October 11, 2010. Eleven days later, the government filed its notice of appeal, and later that day, Jennings’s attorney filed a notice of appeal. The majority neglects to parse out the substance behind these notices of appeal, however. Namely, Jennings’s pro se notice of appeal was filed on the grounds of ineffective assistance of counsel — an issue explicitly excepted from the appeal waiver. See Plea Agreement at 12 (“The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence.”) (emphasis added). Therefore, Jennings acted fully within the confines of the plea agreement by being the first to file a notice of appeal. The government’s later notice of appeal concerned the district court’s denial of restitution — a sentencing issue — and Jennings’s counsel accordingly filed a subsequent cross-appeal on the sentencing issues. For the reasons set forth above, this cross-appeal on the sentencing issues was permitted under the separate exception in the plea agreement. Therefore, I would reach the merits of Jennings’s sentencing arguments.

. I disagree with the majority's reliance on the provision in § 3742 requiring the government to receive the personal approval of the Attorney General, Solicitor General, or a deputy Solicitor General, to further prosecute its appeal. As an initial matter, the language of this provision contemplates that the government has already taken its appeal after filing a notice of appeal, as it states "[t]he Government may not further prosecute such appeal ” without obtaining approval. 18 U.S.C. § 3742(b) (emphasis added). Indeed, the concept that an appeal is taken by filing a notice of appeal is plainly confirmed by Rule 3(a)(1) of the Federal Rules of Appellate Procedure, which states “an appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4.” Rule 3(a)(2) continues, “[a]n appellant’s failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.” In sum, the plea agreement, § 3742(b), and Rule 3 of the Federal Rules of Appellate Procedure foreclose the government’s argument with respect to "perfecting” its appeal.
Moreover, even if approval is required, there is no indication the government did not have such approval, as the government's motion to dismiss only cited its continued belief that its cross-appeal was meritorious. Even at oral argument, the government did not make any representations regarding the lack of approval in this particular case — it only referenced its general internal policy regarding filing "protective” notices of appeal in many cases. It bears repeating that the government has the burden of establishing Jennings clearly and unambiguously waived his rights; Jennings does not have the burden to show the government received the appropriate approval to further prosecute its appeal. Azure, 571 F.3d at 772.