# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3215

_____

United States of America

*Plaintiff - Appellee*

v.

Shirley Eileen Schmitt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: August 22, 2014
Filed: August 27, 2014
[Published]

_____

Before BENTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Shirley Eileen Schmitt appeals her sentence after the district court[1] found her ineligible for the safety valve in 18 U.S.C. § 3553(f). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

A federal jury found Schmitt guilty of conspiring to manufacture and distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and possession of pseudoephedrine with intent to manufacture meth, in violation of 21 U.S.C. § 841(c)(2). In 2008, she had been convicted under Iowa law for possession of drug paraphernalia and buying illegal amounts of pseudoephedrine. Due to these two convictions, the district court found her ineligible for the safety valve. She received the statutory minimum 120 months.

"Safety-valve relief allows the district court to disregard an applicable statutory minimum if certain requirements are met." *United States v. Barrera*, 562 F.3d 899, 902 (8th Cir. 2009). The statute, as relevant here, disqualifies a defendant with "more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). The defendant must establish eligibility by a preponderance of the evidence. *United States v. Razo-Guerra*, 534 F.3d 970, 974 (8th Cir. 2008). The parties agree that she has one point, for the possession-of-drug-paraphernalia conviction.

The issue is whether Schmitt has a second (disqualifying) point of criminal history. She argues that her 2008 buying conviction is "relevant conduct" to—part of—her latest offenses, and therefore does not justify a criminal history point. This court reviews "relevant conduct determinations for clear error, remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." *United States v. Hernandez*, 712 F.3d 407, 409 (8th Cir. 2013) (citations omitted). *See also United States v. Stone*, 325 F.3d 1030, 1031 (8th Cir. 2003).

Relying on *United States v. Boroughf*, 649 F.3d 887 (8th Cir. 2011) and *United States v. Pinkin*, 675 F.3d 1088 (8th Cir. 2012), the district court found that Schmitt's buying conviction is not relevant conduct to her latest offenses.

The facts here parallel those in the *Boroughf* case. *See Boroughf*, 649 F.3d at 890-91 (prior possession of a 35-gram bag of marijuana was not relevant conduct to conspiracy to distribute thousands of kilograms of marijuana). Schmitt's earlier conviction was for *buying* an illegal amount of pseudoephedrine over a 30-day period. The latest offenses focus on *manufacturing* meth during a different two-year period. Indeed, Schmitt testified she was only buying pseudoephedrine in 2008 and did not begin manufacturing meth until 2012:

> Q: And you say in your safety valve debriefing and today that you were not actively involved in the actual hands-on physical manufacturing process until three or four months before the search warrant in June of 2012.
>
> A: Yes.

The defendant's perspective is useful in determining relevant conduct. *See United States v. Ault*, 446 F.3d 821, 824 (8th Cir. 2006) (finding that, when viewed from the defendant's perspective, exchanging-pills-for-meth was relevant conduct to attempt-to-manufacture-meth when both occurred within six weeks and both involved attempts to manufacture meth).

Schmitt emphasizes the factors in the *Stone* case. *Stone*, 325 F.3d at 1032 ("Factors useful in determining whether the two offenses are severable and distinct are temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense."). The buying-manufacturing difference here resolves the "charge in the indictment," "common scheme," and "temporal" factors in the government's favor. Even if the other factors weighed in Schmitt's favor, the *Stone* factors are "useful"—not mandatory. *See Stone*, 325 F.3d at 102. *See also United States v. Pinkin*, 675 F.3d 1088, 1091 (8th Cir. 2012) (affirming the district court's decision on relevant conduct although the offenses shared temporal and geographic proximity); *Torres-Diaz*, 60 F.3d at 448 (affirming the district court's decision on relevant conduct although the

-3-

offenses shared temporal and geographic proximity); *Boroughf*, 649 F.3d at 891 (affirming the district court's decision on relevant conduct although the offenses shared temporal proximity and involved the same drug).

The district court did not clearly err in determining that Schmitt's buying conviction was not relevant conduct to her latest offenses.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____