# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2103
_____

United States of America

*Plaintiff - Appellee*

v.

Dionne Lamont Gatling, also known as Cuffie, also known as Cuffy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2020
Filed: March 9, 2020
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Dionne Lamont Gatling pled guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; attempt to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); attempt to

possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and discharging a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. §§ 924(j)(1) and (c)(1)(A)(iii). Each count carries a statutory maximum sentence of life imprisonment, with the term of imprisonment on Count Five to be served consecutively to any other term of imprisonment. The district court[1] imposed a below-United States Sentencing Guidelines range sentence of 324 months imprisonment, as jointly recommended by the parties. Gatling appeals, arguing that the district court imposed an unreasonable sentence that did not adequately address the factors enumerated in 18 U.S.C. § 3553(a). We dismiss the appeal in accordance with the appeal waiver in the parties' plea agreement.

## I.

In this case, Gatling waived indictment and pled guilty to Counts One through Five of the superseding information, pursuant to a plea agreement, which provides as follows:

> [A]t the time of sentencing, the parties will jointly recommend to the Court that an appropriate sentence to be imposed upon the defendant is twenty seven (27) years (an aggregate of 324 months) imprisonment as follows:
>
> As to Counts One, Two, Three, and Four (the narcotics trafficking charges) the parties jointly recommend that a sentence of 10 years be imposed; and

---

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

As to Count Three [sic] (discharge of a firearm resulting in death), the parties jointly recommend that a consecutive term of 17 years be imposed.

Defendant fully understands that the parties are jointly recommending an aggregate sentence of twenty seven years.

Additionally, the plea agreement contains the following appeal waiver:

In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range. Both parties reserve the right to appeal any determination of defendant's Career Offender status.

At the change-of-plea hearing, the district court questioned Gatling and confirmed his competency to enter the plea agreement, waive indictment, and enter his guilty plea. Gatling confirmed that he had read and understood the plea agreement and had reviewed its terms with his attorney. The district court reviewed the terms of the plea agreement with Gatling on the record. Gatling confirmed that he understood that the parties agreed to jointly recommend a sentence of 324 months imprisonment, and that he agreed not to appeal his sentence pursuant to the terms of his appeal waiver.

The presentence investigation report calculated Gatling's Guidelines range to be 360 months to life. Neither party raised any substantive objections to that calculation. At sentencing, the parties requested that the district court impose the jointly-recommended sentence of 324 months imprisonment. Gatling confirmed to

the district court that he agreed with this request. The district court stated, "Under the totality of the circumstances I will give effect to the Plea Agreement negotiated by the parties and find that that sentence satisfies the statutory purposes of sentencing." Accordingly, the district court imposed the agreed-upon sentence of 324 months imprisonment, consisting of 120 months on each of Counts One through Four, to be served concurrently, and 204 months on Count Five, to be served consecutively to all other terms of imprisonment.

Gatling now appeals his sentence.

## II.

On appeal, Gatling argues that the district court imposed an unreasonable sentence that did not adequately address the factors enumerated in 18 U.S.C. § 3553(a). The government responds that, pursuant to the plea agreement, Gatling waived his right to appeal his sentence on that basis.

"A plea agreement is essentially a contract between the government and the defendant. A defendant may waive his appellate rights pursuant to that agreement." United States v. Sisco, 576 F.3d 791, 795 (8th Cir. 2009) (citation omitted). We review de novo the validity and applicability of an appeal waiver in a plea agreement. United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010). First, "we must confirm that the [issue raised on] appeal falls within the scope of the waiver[.]" United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). Second, we must determine whether "the waiver and plea agreement were entered into knowingly and voluntarily." Id. at 890. Third, even if these conditions are satisfied, we must ensure that enforcement of the waiver would not "result in a miscarriage of justice." Id.

Because the district court accepted the plea and imposed a below-Guidelines range sentence of 324 months imprisonment as recommended by the parties, Gatling

has "waive[d] all rights to appeal all sentencing issues other than Criminal History." The sole issue raised on appeal—the reasonableness of his sentence—is squarely encompassed by the waiver. See United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011) (finding the defendant's claim that his sentence was unreasonable falls within the scope of the appeal waiver, which prohibits an appeal regarding "all sentencing issues" except the calculation of his criminal history).

Moreover, at the change-of-plea hearing, Gatling established his competency to enter the plea agreement and appeal waiver, and stated under oath that he had read and understood his plea agreement, reviewed it with his attorney, and entered into the agreement voluntarily. More specifically, he confirmed his understanding that, pursuant to the plea agreement, the parties agreed to jointly recommend a sentence of 324 months imprisonment and he agreed to waive his right to appeal in accordance with the terms of the appeal waiver. Thus, Gatling entered the plea agreement and appeal waiver knowingly and voluntarily. See Scott, 627 F.3d at 704 (finding waiver to be knowing and voluntary where the magistrate judge questioned the defendant about his understanding of the appeal waiver, and the defendant stated he understood he was giving up his right to appeal his sentence).

Finally, while we will not enforce an "otherwise valid waiver if to do so would result in a miscarriage of justice," we will not void these agreements lightly. Andis, 333 F.3d at 891. Further, the "miscarriage of justice" exception is a narrow one that may arise in only limited contexts. Id. at 891-92 (limiting the "miscarriage of justice" exception to sentences that exceed a statutory maximum punishment). On appeal, Gatling challenges his sentence of 324 months imprisonment as unreasonable, arguing that the district court abused its discretion by failing to adequately address the § 3553(a) sentencing factors. However, the sentence imposed by the district court was within the statutory range and Gatling does not contend otherwise. "[A]n allegation that the sentencing judge . . . abused his or her discretion" does not implicate the "miscarriage of justice" exception. Id. at 892. Accordingly, we find

that enforcing the appeal waiver to dismiss Gatling's claim on appeal that his within-statutory range sentence is unreasonable would not result in a miscarriage of justice.

## III.

For the foregoing reasons, Gatling's appeal is dismissed.

_____