# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-2142
_____

United States of America

*Plaintiff - Appellee*

v.

Demetris Slaughter

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 13, 2023
Filed: March 21, 2023
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Demetris Slaughter appeals from a 57-month within-Guidelines sentence imposed by the district court[1] after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Slaughter asserts the district court

_____

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri, now Chief Judge.

committed procedural error when it: (1) counted state sentences that were subsequently suspended in his criminal history calculation, and (2) failed to provide an adequate explanation for the sentence it imposed. Slaughter also contends the district court abused its discretion when it imposed a substantively unreasonable alternative sentence. We affirm.

In reviewing a sentencing claim of procedural error, we review a district court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines *de novo*. United States v. Smith, 983 F.3d 1006, 1008 (8th Cir. 2020). The Presentence Investigation Report ("PSIR") assigned a total of 12 points based on four prior Missouri convictions, which placed Slaughter in criminal history category V. Slaughter objected to counting three of his prior convictions (nine points), asserting (1) the sentences were suspended approximately 11.5 months after they were imposed so they did not qualify as three-point offenses under U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), and (2) the convictions should be assigned no points under U.S.S.G. § 4A1.2(e)(2) because the sentences were imposed more than 10 years prior to the date of the instant offense. In response, the government submitted two documents: (1) a form labeled "RSMO 217.362 Orders of Probation" signed by the state judge on August 17, 2005, noting Slaughter had completed the long-term drug program and ordered supervision by the Board of Probation and Parole for a term of two years ("August Order"), and (2) a document entitled "Order of Probation" from the State of Missouri, Department of Corrections, Board of Probation and Parole, signed by the state judge on October 26, 2005, and signed by Slaughter on October 31, 2005 ("October Order").

At sentencing, Slaughter argued that it was difficult for the district court to determine conclusively when the judge intended to suspend his sentences and place him on probation; therefore, under the rule of lenity, the earlier August Order ought to apply. The court overruled Slaughter's objection, finding the plain language of the October Order is the official document placing Slaughter on probation. Using the later date, the court found the three convictions were scorable under the Sentencing Guidelines.

The district court's finding that the October Order controls is consistent with Mo. Rev. Stat. § 217.362.2, which requires completion of a minimum 12-month treatment program. The Presentence Investigation Report stated that Slaughter completed a long-term institutional substance abuse treatment program in October 2005. Slaughter did not object to this statement. Thus, at the time of the August Order, Slaughter had not yet completed the program. The purpose of this order was to provide the court with the thirty-day notice of successful completion of the program, as required by Mo. Rev. Stat. § 217.362.3. The district court did not clearly err in finding the October Order is controlling as to the date Slaughter was placed on probation. Accordingly, the district court properly calculated Slaughter's criminal history under the Sentencing Guidelines. See U.S.S.G. §§ 4A1.1(a), 4A1.2(b).

Slaughter's remaining two arguments—that the district court failed to adequately explain his sentence and that it abused its discretion by imposing a substantively unreasonable alternative sentence—are barred by the appeal waiver in the parties' plea agreement. Slaughter expressly waived "all rights to appeal all sentencing issues other than criminal history" as part of his plea agreement. He has made no claim that the appeal waiver was not knowingly or voluntarily made. See United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011) (enforcing a knowing and voluntary appeal waiver if enforcement will not cause a miscarriage of justice). No miscarriage of justice is occasioned by applying the waiver to bar Slaughter's appeal of these issues. See id. (appeal waiver prohibiting appeal of "all sentencing issues" except the calculation of criminal history barred challenge to the substantive reasonableness of a sentence). We dismiss these claims of error.

We affirm the judgment of the district court.

_____