# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-3203

_____

United States of America

*Plaintiff - Appellee*

v.

Sharon McMillan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 17, 2012
Filed: August 9, 2012
[Unpublished]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Sharon McMillan appeals the 210-month sentence the district court[1] imposed after McMillan pled guilty, pursuant to a plea agreement, to second degree murder. We enforce the appeal waiver found in the plea agreement and dismiss this appeal.

McMillan had a violent history with her first cousin Garland Morrison. Morrison allegedly had raped McMillan, vandalized her home, and stolen personal property and horses from her in past years. On May 1, 2010, Morrison and his girlfriend Judy Bull Bear arrived at McMillan's home on the Pine Ridge Indian Reservation. Several people were at the home at the time, and almost all present, including McMillan and Morrison, were intoxicated. An argument began between McMillan and Morrison, and Morrison threatened to evict McMillan from her home, claiming that the house trailer in which she was living was located on his property. McMillan retrieved a baseball bat from the home and attacked Morrison. She struck him several times with the bat. Morrison died from blunt force trauma to his head.

McMillan was charged with first degree murder.[2] She later entered into a plea agreement in which she agreed to plead guilty to a superceding information charging her with second degree murder. The plea agreement included a waiver of appeal, stating:

> The Defendant hereby waives all defenses and her right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of her sentence for a determination of its substantive

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

[2]The district court maintained jurisdiction over this case because McMillan is an Indian and was charged with committing a federal crime within Indian country. See 18 U.S.C. §§ 1111, 1153, and 3231.

reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

At sentencing, the court granted a two-level downward departure in McMillan's offense level based on Morrison's misconduct. United States Sentencing Commission, Guidelines Manual, §5K2.10. This resulted in an adjusted offense level of 36 and a Guidelines range of 210 to 262 months. The court denied McMillan's request for a downward variance under 18 U.S.C. § 3553(a) and sentenced her to 210 months imprisonment.

McMillan appeals her sentence, arguing that the district court committed error when it considered materials outside of the sentencing record in imposing the 210-month sentence. The government has moved to dismiss the appeal, arguing that it falls within the appeal waiver of McMillan's plea agreement.

"We will enforce a defendant's appeal waiver against all issues that fall within the scope of the waiver if the defendant entered the plea agreement and appeal waiver 'knowingly and voluntarily' and enforcement of the waiver would not cause a 'miscarriage of justice.'" United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011) (quoting United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010)). McMillan recognizes her appeal does not fall under one of the exceptions to the appeal waiver as provided for in the plea agreement. The basis of her appeal is procedural error, and the district court did not impose an upward departure or variance. To avoid the waiver, McMillan argues the district court made an erroneous statement about the appeal waiver during her change-of-plea hearing. Because of this supposedly erroneous statement, McMillan argues that she should be allowed to appeal her sentence on procedural error grounds.

In United States v. Andis, we noted that "[w]e have yet to address the impact of an erroneous statement by a district court at the time a plea agreement is accepted

and decline to do so here." 333 F.3d 886, 891 (8th Cir. 2003) (en banc). It remains unnecessary for us to address this issue because the district court's comments about the appeal waiver, whether erroneous or not, did not convey or suggest to McMillan that she would be able to appeal her sentence on the grounds she has presented to this Court.

McMillan has waived her appeal rights under the plea agreement, and the basis of her appeal does not meet one of the exceptions to the waiver. Accordingly, this appeal is dismissed.

_____