# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-2061
_____

United States of America,

*Plaintiff - Appellee*

v.

Robert O'Rourke,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: February 14, 2022
Filed: June 13, 2022
[Unpublished]
_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Robert O'Rourke pleaded guilty to conspiracy to distribute a controlled substance. The district court[1] sentenced O'Rourke to 324 months' imprisonment, a

_____

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

sentence at the bottom of the advisory guideline range. O'Rourke appeals, arguing that the district court incorrectly weighed the factors set forth in 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence. Because we conclude that O'Rourke knowingly and voluntarily waived his right to appeal on this ground, we affirm the judgment.

A grand jury charged O'Rourke with one count of conspiracy to distribute 500 grams or more of a substance containing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. O'Rourke pleaded guilty pursuant to a written plea agreement. Paragraph S of the plea agreement contained a waiver of O'Rourke's right to appeal, subject to three exceptions, as follows:

> The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

O'Rourke thus retained the right to appeal (1) the court's jurisdiction, (2) a sentence based on an upward departure from his advisory guideline range, and (3) "the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a)."

At a change-of-plea hearing, a magistrate judge[2] discussed the appeal waiver with O'Rourke. The court ensured that O'Rourke knew he was "giving up all" his appeal rights "other than those three limited exceptions" in the plea agreement. The

---

[2]The Honorable Daneta Wollmann, United States Magistrate Judge for the District of South Dakota.

court explained that O'Rourke could appeal "number one, if you felt that the Court did not have jurisdiction over you; number two, if the Court imposes an upward departure from the sentencing guidelines; and number three, if the Court varies upward in its sentence." O'Rourke stated that he understood that he was waiving his right to appeal any issues not specifically excepted. The magistrate judge found that O'Rourke entered his guilty plea knowingly and voluntarily, and recommended that the district court accept O'Rourke's guilty plea. The district court accepted it.

At a sentencing hearing, the district court calculated an advisory guideline range of 324 to 405 months' imprisonment. After weighing the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced O'Rourke at the bottom of the range to 324 months' imprisonment.

On appeal, O'Rourke challenges only the substantive reasonableness of his sentence. The government counters that O'Rourke's appeal falls within the scope of the appeal waiver in his plea agreement. Alternatively, the government argues that the sentence is not unreasonable.

We will enforce an appeal waiver in a plea agreement if the appeal falls within the scope of the waiver, the defendant entered into the agreement and waiver knowingly and voluntarily, and enforcement of the waiver would not result in a "miscarriage of justice." *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). The government bears the burden of establishing that the plea agreement clearly waives the defendant's right to appeal, and we review that issue *de novo*. *United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009).

O'Rourke concedes that his appeal falls within the scope of the waiver. He argues only that the agreement is unenforceable on the ground that he did not knowingly waive his rights. O'Rourke claims that the magistrate judge inaccurately stated in the plea colloquy that O'Rourke retained the right to appeal "if the Court

varies upward in its sentence," implying that he could appeal for any reason if the court varied upward. The agreement allows him to an appeal an upward variance only "for a determination of its substantive reasonableness." The magistrate judge also informed O'Rourke that "you'll be giving up all other appeal rights" besides "those three limited exceptions" in the appeal waiver. Although the rule of criminal procedure regarding appeal waivers calls only for the court to discuss the terms of the provision in the plea agreement, *see* Fed. R. Crim. P. 11(b)(1)(N), O'Rourke complains that the judge did not inform him that this court's decisions also allow an appeal of a sentence that exceeds the statutory maximum or a sentence imposed in violation of a plea agreement. *See United States v. Michelsen*, 141 F.3d 867, 872 n.3 (8th Cir. 1998). Due to the magistrate judge's alleged misdescription of the retained appeal rights, O'Rourke argues that he did not understand what appeal rights he was waiving and thus did not knowingly waive his right to appeal.

Even assuming that the magistrate judge misdescribed the appeal rights that O'Rourke retained under the plea agreement, we conclude that O'Rourke knowingly waived his right to appeal a sentence within the advisory guideline range. O'Rourke signed a written plea agreement that precisely explained the scope of the waiver. At the plea colloquy, the magistrate judge explained that O'Rourke could challenge only the court's jurisdiction or the court's decision to depart or vary above the advisory guideline range. That the magistrate judge did not specify that O'Rourke could appeal an upward variance only for a determination of its substantive reasonableness is immaterial in this case, because O'Rourke does not appeal the imposition of an upward variance at all. *See Azure*, 571 F.3d at 775; *see also United States v. McMillan*, 483 F. App'x 308, 309 (8th Cir. 2012) (per curiam). Similarly, it is immaterial that O'Rourke might have been able to avoid the waiver in a hypothetical case where the court imposed a sentence that exceeded the statutory maximum or was inconsistent with the plea agreement.

Even if the magistrate judge was not perfectly precise in describing the scope of the appeal waiver, there is no reasonable probability that O'Rourke would have understood that he could appeal the substantive reasonableness of a sentence within the advisory guideline range. The colloquy thus does not call into question the court's determination that O'Rourke knowingly entered into the plea agreement, including the waiver of his right to appeal "any non-jurisdictional issues" that do not involve a sentence above the advisory guideline range. A sentence within the advisory range is not a "miscarriage of justice," and there is no basis for O'Rourke to avoid the waiver.

The judgment of the district court is affirmed.

_____